IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

SHAWN WALTER KOPELOVE
SARAH ELIZABETH KOPELOVE,                    CHAPTER 13

    DEBTORS.

                                                           CASE NO. 12-34218-KRH

PNC BANK, NATIONAL ASSOCIATION,

    MOVANT.
vs.

SHAWN WALTER KOPELOVE
SARAH ELIZABETH KOPELOVE
and CARL BATES, TRUSTEE,

    RESPONDENTS.

### ORDER RESOLVING NOTICE OF DEFAULT

    Upon the Notice of Default of the Movant, PNC Bank, National Association, having been served on the Trustee and the Debtors and, upon agreement by Counsel for Plaintiff and Counsel for Debtors, the Debtors having entered into an Order previously on June 12, 2014 docketed as Number (#56), which Order shall be superseded by the entry of this Order,

    It appears that Debtors are in possession of a certain real property located at 9204 Jones Mill Court, Glen Allen, VA 23060, and more particularly described as follows:

> **All that certain lot, piece or parcel of land, together with all improvements thereon and appurtenances thereunto, belonging, lying and being in the Three Chopt District, Henrico County, Virginia, known , numbered and designated as Lot 27, Block A of Summerberry, as more particularly shown on a plat of subdivision entitled "Summerberry, Three Chopt District, Henrico County, Virginia", prepared by Foster & Miller, P.C., Engineers-Surveyors-Planners, dated April 28, 1998, recorded August 28, 1998, in Plat Book 107, page 87-90, and to which plat reference is hereby made for a more particular description of the property hereby conveyed.**

    Upon consideration of the foregoing, it is **ORDERED**:

**Michael T. Freeman, Esquire**
**Counsel for Movant**
**Samuel I White, P.C.**
**Bar No. 65460**
**1804 Staples Mill Road, Suite 200**
**Richmond, VA 23230**
**(804) 290-4290**
**File No. 3015**

1. Debtors will resume making all future regular monthly installment payments in the amount of $1,907.73, as they become due commencing June 1, 2015, to include any late charges in the amount of $95.38 effective as of the June 1, 2015 payment, if applicable, pending further notice from the Movant.

2. Debtors will provide all documentation in support of consideration of a loan modification to Counsel for the Movant within thirty (30) days of the entry date of this Order.

3. Debtors will cure any arrearage currently due to the Movant for the months of February 1, 2015 through May 1, 2015, in the total amount of $10,279.73, by making payment through the Office of the Chapter 13 Trustee pursuant to a Modified Plan to be filed within thirty (30) days of the entry date of this Order providing for payment of said post-petition arrearages and by tendering a payment to the Movant as specified in Section 2 (b).  The breakdown of these arrears are calculated as follows:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 3 | 02/01/2015 | 04/01/2015 | $1,817.95 | $5,453.85 |
| 1 | 05/01/2015 | 05/01/2015 | $1,907.73 | $1,907.93 |
| Stipulation Payment due 6/10/2014 | | | | $2,710.20 |
| Notice of Default Fees and Costs | | | | $250.00 |
| Less post-petition partial payments (suspense balance): | | | | ($42.25) |
| | | | Total: | $10,279.73 |

   a. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

   b. Payment due on or before May 30, 2015 in the amount of $3,635.90

   c. By entry of this Order, the Movant shall have leave to amend its Proof of Claim to include the post-petition arrears in the amount of $6,643.83 without filing a Motion to Allow a late Proof of Claim.

   d. All future payments made pursuant to the terms of this order should be forwarded to the following address until further notice:

      PNC Bank, National Association
      3232 Newmark Drive
      Miamisburg, OH 45342

4. In the event that any payment required by this Order is not received by the Movant within 15 (fifteen) days after it is due the Movant may mail a notice of default to the Debtors by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court, Counsel for Debtors and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the notice of default is mailed to the Debtors.  The notice of default will state in simple and plain language:

   a. That the Debtors are in default in making at least one payment required under this order;

   b. The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

   c. The action necessary to cure the default, including any address to which payments must be mailed;

   d. That the Debtors or Trustee must take one of the following actions within 14

(fourteen) days after the date of the mailing of the notice of default:

    i.    Cure the default;
    ii.    File an objection with the Court stating that no default exists; or
    iii.    File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

e.    That if the Trustee or Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtors; and

f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Trustee or Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Trustee nor Debtors have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Trustee or Debtors file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtors, Counsel for Debtors and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

The provisions of this Order with respect to regular monthly installment payments expire one year after the date of entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.    Until the automatic stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtors, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

6.    The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtors any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the Court.

7.    Should the Debtors default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $200.00, for issuance of a certificate of default and preparation of an Order Terminating they Automatic Stay.

8.    In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

DATED: May 18 2015

/s/ Kevin R. Huennekens
_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

May 18 2015
_____

I ask for this:
<u>By:</u> **/s/ MICHAEL T. FREEMAN**
Michael T. Freeman, Esquire, Bar No. 65460
Johnie R. Muncy, Esquire, Bar No. 73248
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
mfreeman@siwpc.com
Counsel for PNC Bank, National Association

Seen and Agreed:

**/s/ JASON MEYER KRUMBEIN**
Jason Meyer Krumbein
Counsel for Debtors
5310 Markel Road
Suite 102
Richmond, VA 23230

**Endorsement Waived by Court**
Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

# CERTIFICATE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

By: **/s/ MICHAEL T. FREEMAN**

The Clerk shall mail a copy of the entered Order to the following:

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218


Jason Meyer Krumbein
Counsel for Debtors
5310 Markel Road
Suite 102
Richmond, VA 23230


Shawn Walter Kopelove
Sarah Elizabeth Kopelove
Debtors
9204 Jones Mill Court
Glen Allen, VA 23060

United States Bankruptcy Court
Eastern District of Virginia

In re:  
Shawn Walter Kopelove  
Sarah Elizabeth Kopelove  
    Debtors

Case No. 12-34218-KRH  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0422-7     User: manleyc     Page 1 of 1     Date Rcvd: May 18, 2015  
                        Form ID: pdford9    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 20, 2015.
db/jdb      +Shawn Walter Kopelove,   Sarah Elizabeth Kopelove,   9204 Jones Mill Court,
            Glen Allen, VA 23060-9258

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                     TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2015                                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 18, 2015 at the address(es) listed below:
        Carl M. Bates     station01@richchap13.com,
         station10@richchap13.com;station03@richchap13.com;station07@richchap13.com;station06@richchap13.com
        Douglas S. Rubin    on behalf of Creditor   PNC Bank, National Association rubin.doug@gmail.com,
         mfreeman@siwpc.com;ewhite@siwpc.com;klane@siwpc.com;bjordan@siwpc.com;jmuncy@siwpc.com;ecfva1@siwpc.com;ecfva2@siwpc.com;ecfva3@siwpc.com;
        Jason Meyer Krumbein    on behalf of Plaintiff Shawn Walter Kopelove jkrumbein@krumbeinlaw.com,
         a30156@yahoo.com;tcarper@krumbeinlaw.com;plutzky@krumbeinlaw.com
        Jason Meyer Krumbein    on behalf of Plaintiff Sarah Elizabeth Kopelove jkrumbein@krumbeinlaw.com,
         a30156@yahoo.com;tcarper@krumbeinlaw.com;plutzky@krumbeinlaw.com
        Jason Meyer Krumbein    on behalf of Debtor Shawn Walter Kopelove jkrumbein@krumbeinlaw.com,
         a30156@yahoo.com;tcarper@krumbeinlaw.com;plutzky@krumbeinlaw.com
        Jason Meyer Krumbein    on behalf of Joint Debtor Sarah Elizabeth Kopelove
         jkrumbein@krumbeinlaw.com,   a30156@yahoo.com;tcarper@krumbeinlaw.com;plutzky@krumbeinlaw.com
        Johnie Rush Muncy    on behalf of Creditor   PNC Bank, National Association jmuncy@siwpc.com,
         drubin@siwpc.com;bjordan@siwpc.com;klane@siwpc.com;ewhite@siwpc.com;mfreeman@siwpc.com;ecfva1@siwpc.com;ecfva2@siwpc.com;ecfva3@siwpc.com;
        Susan Hope Call    on behalf of Trustee Carl M. Bates susancall@richchap13.com,
         station15@richchap13.com
                                                                                                                  TOTAL: 8